H. E. FRAZIER v. FIRST NATIONAL BANK OF ELLWOOD CITY.

**On Payee's Diverting Collateral Securities without Consent of Accommodation Endorser, Releases Latter to Extent He is Injured Thereby.**

Under favor of Sec. 8300 G. C. and the rules of the law merchant an accommodation endorser is entitled to be protected in his right to collateral securities deposited with the payee, and such payee has no right to divert the securities without the consent of such endorser, and he will be released by such act, to the extent he is injured thereby.

[Syllabus by the court.]

ERROR to common pleas court.

*C. P. & R. D. Wickham* and *E. G. Martin,* for plaintiff in error.

*G. Ray Craig,* for defendant in error.

### RICHARDS, J.

The action in the court of common pleas was begun by the bank to recover on two promissory notes, one executed by Charles R. Brown and the other by the Huron Steel and Iron Company. Each of these notes was endorsed by H. E. Frazier who was made a party defendant in that court. He filed an answer claiming as a defense, in substance, that at the time of making and endorsing the promissory notes on which he was an accommodation endorser, there was delivered to the bank as collateral security, certain negotiable paper the market value of which was in excess of the amount of the notes upon which the action was brought.

He avers in his answer that after the delivery of this nego-

tiable paper as collateral security, the defendant, Charles R. Brown, with the knowledge and consent of the bank, but without the knowledge or consent of H. E. Frazier, secured from the bank said collateral security and substituted therefor certain other collateral security. He avers further that this substituted collateral security was of little value and was subsequently converted into cash and brought a sum entirely insufficient to pay the obligations signed by the answering defendant, and he asserts that the substituted security was itself withdrawn from the bank with the consent of its officers and that the proceeds arising from the sale of the collateral were diverted and applied upon other instruments than those signed by the answering defendant. The allegations contained in this answer are denied by the plaintiff bank.

The case was tried in the court of common pleas without the intervention of a jury, and that court found all the facts in favor of the bank except that the journal entry specifically recites that "the court does not determine the facts set forth in the separate answer of H. E. Frazier, in regard to the deposit of collateral security, and the withdrawal thereof."

The case as made, is one in which this court is required to decide as to the sufficiency of the answer of H. E. Frazier. The trial court evidently reached the conclusion that the allegations contained in that pleading were immaterial, or at least, did not constitute a defense to the claim set forth in the petition of the bank. That conclusion is said to have been based on the holding of the Supreme Court in *Richards* v. *Market Exchange Bank Co.* 81 Ohio St. 348 [90 N. E. Rep. 1000]. In the case cited, Richards had signed an obligation as a surety and sought leave of court to file an answer setting up an extension of time whereby he contended that the instrument had been discharged. The Supreme Court held in that case that the codification of the law governing negotiable instruments provided in Sec. 8224 and 8225 G. C. the method and the only method by which such instruments could be discharged. It is insisted in this case that the holding so made is determinative of the issues and requires an affirmance of the judgment of the trial court.

On the other hand, it is contended by counsel for Frazier that the decision just cited, is not a controlling one under the facts disclosed in the record in the case at bar; that the statutes upon which that decision is based had no reference to a release from liability of an accommodation maker where collateral security pledged for his benefit had been wrongfully surrendered and the proceeds diverted without his knowledge or consent. Counsel for Frazier in their brief succinctly state their contention, as follows:

"We claim that if said notes were deposited as collateral to the notes in suit, they were so deposited for the benefit of the plaintiff in error; and that if afterwards diverted to the security of some other notes upon which the plaintiff in error was not liable and without his knowledge or consent, that to the amount of their value, the plaintiff in error had a counterclaim to the notes in suit. The uncontradicted evidence of Mr. Edward Gardiner shows that they were equal in value to the two notes in suit, and so the defendant in error's notes in suit were satisfied.

"What the defendant Frazier, is claiming here, is that the plaintiff who is the owner of the note, has no cause of action against him by reason of certain conduct of which it has been guilty; because having in its possession certain property that it was holding in trust for the satisfaction of the note, in violation of the trust, and in fraud of the rights of Mr. Frazier, it diverted the property to another purpose. It is not a question of whether Mr. Frazier has been 'discharged' from the note; but rather whether the plaintiff is in a position to recover from him upon the facts in evidence. Mr. Frazier may still be liable on the note to some subsequent holder for value without notice, such as an endorsee, for instance, and so not 'discharged' from the note; and yet not liable to the plaintiff by reason of the breach of trust of which it has been guilty. The authorities cited show that he, in common with sureties in all kinds of instruments, would not be liable under such circumstances to the person who had occasioned their loss.

"No attempt is made in Sec. 8225 G. C. to provide for a case like the one at bar. It is a case wholly outside of and in-

Frazier v. Bank.

dependent of the note or its terms. It is simply a change in the status of the defendant, Frazier, occasioned and brought about by the breach of trust of the plaintiff. It was a situation which required of the defendant in error the utmost good faith and honest dealing. It was a situation in which the defendant in error, under the law merchant, was bound to conserve Mr. Frazier's interest and not surrender and throw away what had been put into its hands for his protection,—what in fact belonged to him in equity. This duty rested upon the defendant in error, subject to any counterclaim the plaintiff in error might have against it. Mr. Frazier's defense is in the nature of damages by way of counterclaim.

"The facts stated in the answer of the plaintiff in error constitute a complete cause of action in his favor and might have been set up in an independent action for damages.

"The defense of the counterclaim is wholly consistent with the right of the defendant in error to recover on its two notes. The plaintiff in error nowhere denies his liability on the notes. He is not asking to have the notes 'discharged.' He is counterclaiming against them for the amount and value of the collaterals, up to the amount of the two notes."

The question at bar is not so much one of liability of a party on a negotiable instrument as it is the right of a surety or accommodation endorser to be protected by the preservation of collaterals which have been deposited for his benefit at the time he entered into the obligation. The courts have always jealously guarded the rights of a surety and it is inconceivable that the general assembly by the adoption of the negotiable instrument law, intended to deprive him of all right to protection where collateral security deposited for his benefit has been improperly diverted and the proceeds applied on obligations in which he has no interest.

*Richards* v. *Bank, supra,* was a case involving the discharge of the instrument itself, while the case at bar is one in which the defendant sought protection of his rights as surety by insisting on the fulfillment of the contract whereby collateral security had been deposited for his benefit and we think that case is not inconsistent with his claim.

If the argument of counsel for the bank is sound, then it would be possible in every case for a payee of negotiable paper holding collateral security to release the same at will and thereby deprive the surety of all protection. We can not believe, nor hold, that a surety, under such circumstances, is without remedy.

The subject of collateral security now under consideration does not appear to be embraced within the negotiable instrument statute, and it is provided in said statute in Sec. 8300 G. C. that any case not provided for, should be governed by the rules of the law merchant. By those rules, Frazier would be entitled to the relief sought by him, if the allegations of his pleading are sustained by the evidence.

The trial court declined to pass on the issue raised in the pleading filed by Frazier. We think the court erred in so doing. For this reason, the judgment will be reversed and the case remanded for a new trial and further proceedings in accordance with this opinion.

**Kinkade** and **Chittenden, JJ.**, concur.

---

## GIFTS.

[Columbiana (7th) Court of Appeals, April 9, 1914.]

Metcalfe, Norris & Pollock, JJ.

ZILPHA R. AMBLER, AS ADMRX. ET AL. V. J. C. BOONE, AS ADMR.

**Donor of Money as Gift, Taking Nonnegotiable Note in Return, Does not Make Gift Inter Vivos.**

When money is given intending to make a gift, but at the same time the donee's note is taken for the amount given payable to donor on demand, and containing therein a stipulation that the note was not negotiable and void in the hands of any other party, except the payee, and in case no demand is made by payee before her death, it shall be considered paid in full and void as against her estate; and providing that the only way demand for payment can be made by payee hereof shall be by leaving this note with the cashier of certain banks with instructions given in person by payee to collect the same, does not make a valid gift inter vivos, where the payee retained possession of the note at her death, but it becomes an asset